GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
CHUNG H. HAN (Cal. Bar No. 191757)
Assistant United States Attorney
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-2083
      Facsimile: (213) 894-7819
      Email: chung.han@usdoj.gov

Attorneys for Plaintiff
United States Department of Labor

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elaine L. Chao, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>     v.<br><br>Local 6434, United Long-Term Care Workers' Union, Service Employees International Union,<br><br>        Defendants. | Case No. CV 08-6838 PSG (JWJx)<br><br>**PLAINTIFF DEPARTMENT OF LABOR'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>[Fed. R. Civ. P. 16 & Local Rule 16-4]<br><br>**<u>Final Pre-Trial Conference</u>**<br>Date:  October 5, 2009<br>Time: 2:30 p.m.<br>Courtroom: 790<br>Judge: Hon. Philip S. Gutierrez |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-4 of the Central District of California, plaintiff United States Department of Labor hereby submits the following Memorandum of Contentions of Fact and Law:

**LOCAL RULE 16-4.1.   CLAIMS AND DEFENSES**

(a)    <u>Claim</u>:  Violation of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act")

(b)    <u>Elements Required to Establish Plaintiff's Claim</u>:

(1) Defendant SEIU Local 6434's election is subject to the provisions of Title IV of the Act;

(2) A member in good standing of defendant filed a timely complaint with plaintiff alleging that violations of Title IV of the Act occurred in defendant's March 12, 2008 election of union officers;

(3) Plaintiff's investigation of the complaint found probable cause to believe that a violation of Title IV of the Act had occurred and that;

(4) Defendant's violation of the Act affected the outcome of the election.

(c)    <u>Brief Description of Evidence in Support of Plaintiff's Claim</u>:

Defendant SEIU Local 6434, purporting to act pursuant to its constitution and bylaws, conducted an election of officers on March 12, 2008, which election was subject to the provisions of Title IV of the Act.

The nomination notice provided that in order to be nominated for a union-wide or divisional position, members were required to gather on petitions "4,858 (3%) petitions signed by members of good standing."  Members were given 21 days to gather these petitions, from February 15, 2008, to March 7, 2008.  All petitions were required to be postmarked by March 8, 2008.

By letter dated March 15, 2008, to the defendant's Election Committee, the complainant, Eva Lozada, a member in good standing of the defendant, protested the defendant's March 12, 2008, election of officers.  By letter dated March 24,

2008, to Lozada, the Election Committee denied the protest.  By letter dated April 8, 2008, Lozada appealed the decision of the Election Committee to the SEIU's president.

Having invoked the available internal union remedies for three calendar months without receiving a final decision, the complainant filed a timely complaint with the Secretary of Labor ("Secretary"), received on June 17, 2008, within the one calendar month required by the Act.

Plaintiff investigated the complaint and, as a result of the facts shown by the investigation, found probable cause to believe that a violation of Title IV of the Act had occurred.

Defendant violated the Act during the conduct of the aforesaid election by failing to provide a reasonable opportunity for members to nominate the candidate of their choice.

(d)    Summary Statement of Defendant's Counterclaims and Affirmative Defenses:

Defendant has not pleaded any counterclaims.

Defendant has pleaded two affirmative defenses: (1) "Plaintiff's claims fail to state a claim on which relief can be granted"; and (2) "Plaintiff's claims are not justiciable because they are moot."

(e)    Elements Required to Establish Defendant's Affirmative Defenses:

Plaintiff is uncertain of the elements necessary to establish Defendant's affirmative defenses, but believes that Defendant will argue that in August 2008, it was placed in trusteeship by its parent body, and that as a result, the officers elected in the March 2008 election are not currently holding union office or otherwise in charge of the union.  Defendant may also argue that the restructuring of this local that is occurring under the trusteeship will result in a "newly formed" labor organization and that under plaintiff's regulations at 29 C.F.R. § 452.14, the initial selection of officers in a "newly formed" labor organization is not subject to

the requirements of the Act.

(f)     Brief Description of Key Evidence Relied on in Opposition to Defendant's Affirmative Defenses:

Plaintiff will prove, consistent with case law, that defendant may not use imposition of a trusteeship to frustrate the Secretary's remedy of a supervised election when violations of Title IV of the Act have been established.  It is also for the Secretary to assess and determine whether the restructuring of defendant results in a "newly formed" labor organization such that the initial selection of that labor organization is not subject to the requirements of the Act.

(g)     Similar Statements for All Third Parties:

There are no third parties in this action.

(h)     Identification of Anticipated Evidentiary Issues:

At this time, plaintiff does not anticipate any atypical evidentiary issues.

(i)     Identification of Any Issues of Law:

At this time, plaintiff does not anticipate any issues of law such as the proper interpretation of a governing statute.

**LOCAL RULE 16-4.3.  BIFURCATION OF ISSUES**

Plaintiff does not make a request for bifurcation.

**LOCAL RULE 16-4.4.  NON-JURY TRIAL**

Plaintiff intends that this action will be tried before the Court without a jury.

**LOCAL RULE 16-4.5.  ATTORNEY'S FEES**

Plaintiff does not seek attorney's fees.

///

///

**LOCAL RULE 16-4.6.   ABANDONMENT OF ISSUES**

Plaintiff has not abandoned any of the issues raised in its pleadings.


Dated: September 14, 2009.

Respectfully Submitted,

GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


_____/s/ Chung H. Han_____

CHUNG H. HAN
Assistant United States Attorney

Attorneys for Plaintiff
United States Department of Labor